Samuel Henderson (SBN: 279717)
henderson@hendersonconsumerlaw.com
PO Box 152168
San Diego, CA 92195
Telephone: (760) 575-4594
Facsimile: (760) 688-3732

Attorney for Plaintiff,
Karin Gentry

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIN GENTRY<br><br>      Plaintiff,<br><br> vs.<br><br>CITIBANK, N.A., EQUIFAX<br>INFORMATION SERVICES, LLC,<br>TRANSUNION LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC., and<br>DOES 1 - 10<br><br>      Defendant(s). | Civil Action No. _____<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>(Violations of the Fair Credit Reporting<br>Act and California's Consumer Credit<br>Reporting Agency Act) |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA") and the California Consumer Credit Reporting Agencies Act, Cal Civ. Code. § 1785, *et seq.* (hereinafter "CCRAA") that obligates furnishers of

credit information and credit reporting agencies to provide accurate credit information.

## II.  JURISDICTION AND VENUE

2.       Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.       Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1681p in that Defendants transact business in this judicial district and the violations of the FCRA and CCRAA complained of occurred in this judicial district.

## III.  PARTIES

4.       Plaintiff, Karin Gentry, is a natural person residing in this district.

5.       Defendant, Citibank, N.A. (hereinafter "Citi") is an active national banking association engaged in the business of providing credit cards and other banking activities in this state.

6.       Defendant TransUnion LLC (hereinafter "TransUnion"), is a limited liability company doing business in California as a credit bureau that receives credit information on consumers and uses that information to provide consumer credit reports about those consumers to other parties.

7.       Defendant Experian Information Solutions Inc. (hereinafter "Experian"), is a company doing business in California as a credit bureau that receives credit information on consumers and uses that information to provide consumer credit reports about those consumers to other parties.

8.       Defendant Equifax Information Service, LLC (hereinafter "Equifax"), is a company doing business in California as a credit bureau that receives credit information on consumers and uses that information to provide consumer credit reports about those consumers to other parties.

## IV. FACTUAL ALLEGATIONS

9.      Ms. Gentry opened up a credit card account with Citi in or around 1996. Citi sued Ms. Gentry on the credit card account for the amount of $6,214.85.  Citi was represented by the debt collection law firm of Hunt & Henriques.

10.      At some point Ms. Gentry responded to discovery propounded by Citi where she disputed the amount of interest incurred on the Citi credit card account.

11.      Ms. Gentry decided that she preferred that the debt collection matter be arbitrated, per the credit card agreement and as such initiated arbitration in JAMS.

12.      Ms. Gentry hired counsel to help defend her in that JAMS arbitration.

13.      After a lengthy JAMS process, a three arbitrator panel issued a ruling, dated February 26, 2014, determining that Ms. Gentry owed Citi $3,698.56 based on Citi incorrectly applying a higher than agreed upon interest rate.

14.      The JAMS award was mailed to Citi's attorney of record on February 27, 2014 along with an electronic copy also sent to Citi's attorney of record on that same date.

15.      On or around April 23, 2014 Ms. Gentry attended a case management conference in the state court case where an attorney for Defendant acknowledged the arbitration award and stated that they intended to confirm the award.

16.      On or around June 17, 2014 Citi, through its attorney of record, filed a request to confirm the arbitration award, along with a copy of the February 26, 2014 award.  Citi asked that the state court confirm that Ms. Gentry owed Citi $3,698.56.

17.      Upon learning that Citi was still incorrectly reporting the amount owed, on June 23, 2014 Ms. Gentry sent a dispute to Equifax, Experian and TransUnion, disputing that she owed Citi the $6,214 that was listed on each of her credit reports that she obtained from each of the credit bureaus.  As part of her dispute letter, she provided a copy of the arbitration award and noted that Citi's attorneys were working to confirm the award.

18.     Upon information and belief, Equifax, Experian and Transunion each provided Citi with the information that Ms. Gentry provided them and asked Citi to investigate.

19.     Citi failed to reasonably investigate the dispute, as any reasonable investigation would have shown that Ms. Gentry only owed it $3,698.56, not $6,214 that Citi was reporting to each of the defendant credit bureaus.

20.     Citi confirmed to each of the defendant credit bureaus that they were reporting correctly and each of the defendant credit bureaus refused to modify the tradeline, even though they were provided a copy of the award.  Each credit bureau was provided the arbitration award and also were informed that Citi's attorneys were working to confirm the award.  Upon information and belief, each credit bureau did not actually independently investigate the dispute but merely parroted back whatever Citi stated.

21.     On or around July 14, 2014 Ms. Gentry received noticed that none of the credit bureaus would change the tradeline.

22.     Upset that none of the credit bureaus performed a reasonable investigation and changed her inaccurate credit report, Ms. Gentry again mailed a dispute to each of the defendant credit bureaus, again including a copy of the arbitration award and also including a copy of defendant Citi's attempt to confirm the arbitration award.  Ms. Gentry also requested that each credit bureau inform her of their procedures for the investigation.  These dispute letters were mailed on or around August 5, 2014.

23.     Upon information and belief, each credit bureau provided the submitted material to Citi.

24.     As before, Citi confirmed that $6,214 was the amount owed and each credit bureau refused to correct the tradeline.

25.     Given Citi's knowledge that Ms. Gentry did not owe $6,214, Citi's investigation was unreasonable and willful.

26.     Given that each credit bureau was provided with a copy of the arbitration award and Citi's attempts to confirm the award, each credit bureau's investigation was unreasonable and willful.

27.     As a result of Citi's actions in continually trying to collect an incorrect amount from Ms. Gentry, along with both Citi and all three credit bureau's unreasonable investigations of Ms. Gentry's disputes, Ms. Gentry has incurred costs and suffered emotional distress attempting to get each defendant to comply with its legal obligations.

**V.  FIRST CLAIM FOR RELIEF – FAIR CREDIT REPORTING ACT**

28.     Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through twenty-eight above.

29.     Plaintiff is a "consumer" as that term is defined 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act.  All defendants are "furnishers" as defined by 15 U.S.C. § 1681s-2 of the Fair Credit Report Act, except Equifax, TransUnion and Experian who are "consumer reporting agencies" as that term is defined in by 15 U.S.C. § 1681a(f).

30.     Defendant Citi violated the FCRA by negligently and willfully failing to reasonably investigate multiple disputes by Ms. Gentry related to her Citi credit card as required by 15 U.S.C. § 1681s-2(b).

31.     Defendants Equifax, Experian and TransUnion violated the FCRA by negligently and willfully failing to reasonably investigate multiple disputes by Ms. Gentry regarding her Citi credit card in violation of their legal obligations under 15 U.S.C. § 1681i.

32.     As a result, Plaintiff suffered damages.

**VI.  SECOND CLAIM FOR RELIEF – CONSUMER CREDIT REPORTING AGENCY ACT**

33.     Plaintiff brings the second claim for relief against Defendants under the Consumer Credit Reporting Agency Act, California Civil Code § 1785.

34.     Plaintiff is a "consumer" as defined by California Civil Code section 1785.3(b).

35.     Defendant Citi is a "person" as defined by California Civil Code section 1785.3(j).

36.     Defendant Citi violated Section 1785.25(a) by furnishing incorrect information to Tranunion, Experian, and Equifax when Citi knew or should have known that the information was incorrect.

37.     Defendants Tranunion, Equifax, and Experian are "Consumer credit reporting agenc[ies]" as defined by California Civil Code section 1785.3(d).

38.     Defendants Transunion, Experian, and Equifax violated Section 1785.16 by failing to reasonably investigate Plaintiff's disputes.

39.     As a result, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

a.  An award of damages of $5,000 pursuant to California Civil Code section 1785.31;

b.  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n;

c.  An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n;

d.  An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code section 1785.31;

e.  Actual damages according to proof;

f.  Punitive damages under 15 U.S.C. § 1681n; and

g.  Award Plaintiff any other relief as may be just and proper.

COMPLAINT

# JURY DEMAND

Plaintiff demands trial by jury of all triable issues of fact in the above captioned case.

_/s/ Sam Henderson_____
Samuel Henderson
Attorney for Plaintiff


Respectfully submitted,


Date:  September 22, 2014          /s/ Samuel Henderson
Samuel Henderson
Attorney for Plaintiff